IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:04-998-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Reggie Lamar Kelley, a/k/a "Lil Red," | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant's motions "To Set Aside This Court's Judgement/Order [sic] to Petitioner's Initial § 2255 Pursuant to Federal Rule of Civil Procedure 60(b)(6)" (Dkt. # 144, filed July 9, 2010), and "Request for Leave of the Court for Permission . . . to Correct Inaccurate Information in the Presentence Report (PSR)." Dkt. # 145 (filed July 20, 2010). The Government has responded in opposition to Defendant's Motion to Set Aside, but has not responded to Defendant's motion to Correct the PSR. On October 21, 2010, Defendant filed a motion "To Construe Prior Pleadings Under § 2241." Dkt. # 153. The Government has responded in opposition, and has moved to dismiss Defendant's motion. Dkt. # 157 (filed Nov. 4, 2010).

**BACKGROUND**

On November 3, 2004, Defendant was indicted for several drug and firearms offenses. On April 24, 2006, Defendant entered into a plea agreement with the Government which provided, *inter alia*, that Defendant would plead guilty to Count Three of the Indictment and acknowledged that Defendant had two prior convictions pursuant to which he would be deemed a Career Offender under § 4B1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"). As is relevant to this matter, the prior convictions were a strong armed robbery conviction and a South Carolina

1

conviction for failure to stop for a blue light ("FTSBL").  In the plea agreement, Defendant also waived his right to file a direct appeal and any § 2255 motion except relating to ineffective assistance of counsel and prosecutorial misconduct.  On that same day, Defendant appeared before this court and, after a thorough Rule 11 hearing, pleaded guilty to possession of a firearm in furtherance of a drug-trafficking offense, a violation of 18 U.S.C. § 924(c).

In preparation for Defendant's sentencing, the United States Probation Office (USPO) prepared a Presentence Report (PSR).  The PSR determined that Defendant was a Career Offender pursuant to USSG § 4B1.1(c) based upon the two qualifying prior offenses above-noted.  At sentencing, Defendant argued that his FTSBL conviction should not count as a "crime of violence" under the Guidelines.  Defendant's objection was overruled and Defendant was sentenced to 360 months' imprisonment.

At the time Defendant entered into the plea agreement, pleaded guilty, and was sentenced, the FTSBL conviction was a qualifying felony "crime of violence" under § 4B1.1(a) and Fourth Circuit precedent.

Defendant appealed to the Fourth Circuit Court of Appeals.  The Fourth Circuit dismissed the appeal to the extent it challenged Defendant's sentence, finding that aspect of Defendant's appeal to be within the scope of the appeal waiver.  As to the other elements of Defendant's appeal, the Fourth Circuit denied the Government's motion to dismiss and affirmed.  *See United States v. Kelley*, 242 Fed. Appx. 60 (4th Cir. 2007).  Defendant filed a petition for certiorari to the United States Supreme Court which was denied on November 5, 2007.  *Kelley v. United States*, 552 U.S. 1017 (2007).

On November 8, 2007, Defendant filed a motion for relief pursuant to 28 U.S.C. § 2255.[1] This motion raised several factual assertions relating to alleged ineffective assistance of counsel, both at the trial and appellate level. Defendant contended, *inter alia*, that trial counsel was ineffective based upon her alleged failure to research South Carolina's FTSBL statute and whether South Carolina law deemed this offense a violent felony. The Government moved for summary judgment and on February 27, 2008, this court granted the Government's motion and dismissed the § 2255 motion with prejudice.

Defendant appealed the dismissal of his § 2255 motion to the Fourth Circuit Court of Appeals. On September 17, 2008, the Fourth Circuit denied Defendant a certificate of appealability and dismissed Defendant's appeal. *Kelley v. United States*, 294 Fed. Appx. 2 (4th Cir. 2008).

After filing an appeal of the § 2255 dismissal, Defendant filed a motion for Reconsideration or to Alter or Amend on March 15, 2008. Dkt. #108. Defendant argued this court should reconsider the dismissal of his § 2255 motion because he was "actually innocent" of being a Career Offender. Mot. at 2. This motion was deemed a successive motion for relief under § 2255, and this court dismissed it as such. Order (Dkt. #109, filed Mar. 21, 2008). Defendant also appealed this decision to the Fourth Circuit Court of Appeals. However, Defendant failed to address the appeal in any filings other than his initial notice, and therefore the appeal was deemed waived and was therefore dismissed. *Kelley v. United States*, 294 Fed. Appx. 2 (4th Cir. 2008).[2]

Defendant also filed a "Petition for Modification and Correction of Sentence" on April 9,

---

[1] Defendant's motion was received by the Clerk of this Court on November 13, 2007. However, as Defendant is incarcerated, he benefits from the rule provided for in *Houston v. Lack*, 487 U.S. 266 (1988), that his motion is deemed filed as of the date it is given to prison officials for filing.

[2] The Fourth Circuit addressed Defendant's appeal of the dismissal of his § 2255 motion and the Motion for Reconsideration in the same opinion.

3

2008. Dkt. #111. Defendant again argued that because South Carolina classified his FTSBL offense as a misdemeanor offense, he had been incorrectly sentenced as a Career Offender. This court again dismissed the motion as successive under § 2255. Order, Dkt. #113. Defendant did not appeal.

On October 28, 2008, Defendant filed a Motion to Set Aside the Court's Judgment pursuant to Rule 60. Dkt. #128. Defendant argued that the court should set aside his sentence, asserting a Due Process violation based on this court's determination that FTSBL was a "crime of violence" and that he was, accordingly, a Career Offender under the Guidelines. This court again dismissed the motion as successive. Defendant did not appeal.

On May 27, 2010, Defendant petitioned the Fourth Circuit for authorization to file a successive § 2255 motion. The Fourth Circuit denied Defendant's motion on June 16, 2010.

On July 8, 2010, Defendant filed a Rule 60(b)(6) motion in this court, seeking to vacate his sentence on the basis of the holding in *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010). On July 19, 2010, Defendant also filed a motion for correction of information contained in his PSR. On October 20, 2010, Defendant filed a motion to construe his previously-filed motion for relief under Rule 60(b) as a petition for habeas relief under 28 U.S.C. § 2241.

**MOTION FOR RELIEF UNDER RULE 60(B) AND MOTION TO CORRECT**

To the extent Defendant's original motion can be construed as a "proper" Rule 60(b)(6) motion, Defendant argues that a change in the law is a "defect in the collateral review process" sufficient to reopen his § 2255 judgment. However, the Fourth Circuit has concluded that "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Dowell v. State Farm Fire and Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Hall v. Warden*, 364 F.2d 495, 496 (4th Cir.1966) (en banc) (refusing to vacate final judgment on basis that it was erroneous in light of later Supreme Court decision effecting change in decisional law)).

4

The motion to Set Aside is, in reality, a successive motion filed in this court pursuant to 28 U.S.C. § 2255. Defendant sought permission to file a successive motion based upon these same grounds in the Fourth Circuit; this request was denied. *See* Attach. B. to Gov't M. to Dism (Dkt. # 146-3, filed July 23, 2010). As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This permission was denied and therefore is fatal to this court's consideration of Defendant's motion. Therefore, the Motion to Set Aside is dismissed as this court is without jurisdiction to consider it.

As to Defendant's motion for Correction of Information in the PSR, this motion fails for the same reason. Defendant seeks to have the Probation Office simply "correct" his PSR, yet a correction of the information in Defendant's Presentence Report (PSR) would excise the information upon which Defendant was deemed to be a Career Offender.

To the extent this motion can be construed as a motion to correct his sentence for arithmetical, technical or other clear error, the time for filing and acting upon such a motion was within seven days of sentencing.[3] Therefore, this court is now without jurisdiction to "correct" information contained in Defendant's PSR.

Defendant challenged the "blue light" conviction information contained in his PSR (albeit for a slightly different reason) at sentencing. This objection was rejected by the court. See Tr. of Sen. at 10-11 (Dkt. # 70, filed Nov. 16, 2006). A change in the law notwithstanding, it is now far beyond any time period provided for in the Rules for this court to reconsider its ruling. Therefore,

---

[3]At the time Defendant was sentenced, the Rules provided that the time in which a sentence could be corrected for "arithmetical, technical, or other clear error" was seven days. That time period was subsequently expanded to fourteen days.

5

this court is without jurisdiction to consider this motion, and it is dismissed.

**MOTION TO CONSTRUE AS MOTION FOR RELIEF UNDER § 2241**

On October 20, 2010, Defendant filed a motion to "Construe Prior Pleadings Under § 2241 or any other appropriate relief." Dkt. #153 (received and filed on docket Oct. 22, 2010). The Government has responded in opposition, arguing that § 2241 is inapplicable.

The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A habeas petition filed pursuant to 28 U.S.C. § 2241 is generally used to attack "the execution of a sentence rather than its validity," whereas a § 2255 motion "attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir.1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself"). A § 2241 petition is filed in the district where the petitioner is incarcerated. See 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Defendant is currently housed at FCI – Bennettsville, in Bennettsville, South Carolina.

Defendant argues that he received an improper sentence, asserting he is "actually innocent" of being a Career Offender under the Guidelines based upon the decision of the Fourth Circuit Court of Appeals in *United States v. Rivers*, *supra*. Therefore, because Defendant is attacking the validity of his sentence, his claim is the type which normally should be brought under § 2255.

A § 2241 petition would properly be construed as a § 2255 motion unless Defendant can satisfy the requirements of the "savings clause" in § 2255. *See San Miguel v. Dove*, 291 F.3d 257, 260-261 (4th Cir. 2002).

Section 2255(e) states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Defendant must show that

(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000) (emphasis provided).

In the case at hand, a petition for relief under § 2241 filed by Defendant would meet the first and third elements of the test enunciated in *In re Jones*. At the time Defendant was convicted and sentenced, it was settled law in the Fourth Circuit that his South Carolina FTSBL conviction was deemed a "crime of violence" under Guidelines § 4B1.2, and therefore qualified as a proper predicate offense for determining whether Defendant was a Career Offender. Moreover, Defendant satisfies the third prong of the test from in *In re Jones*, as the rule announced in *Rivers*, *supra*, is not one of constitutional law.

As to the second element of the above-quoted test, the Fourth Circuit has found that a § 2241 petition may be appropriate if the "substantive law changed such that the *conduct of which the prisoner was convicted* is deemed not to be criminal." This test, however, has not been extended to calculations made at sentencing under the Guidelines, even as to the Career Offender provisions at § 4B1.1. *United States v. Pettiford*, 612 F3d 270, 284 (4th Cir. 2010) (holding that "actual

7

innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from *factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes*.") (emphasis added). Therefore, Defendant cannot meet the second element of the test, and his attempt to have this court construe his previously-filed motions as a petition under § 2241 fails. To the extent this court has jurisdiction to consider Defendant's motion, it is denied.

### **CONCLUSION**

Defendant's motions to Reopen and Correct the PSR are dismissed as this court is without jurisdiction to entertain them.

As to Defendant's motion to construe, to the extent this court has jurisdiction to entertain Defendant' motion, it is denied. To the extent it is a reassertion of Defendant's position that he should not be deemed a Career Offender based upon the Fourth Circuit's decision in *United States v. Rivers*, *supra*, this motion is, in reality a successive motion for relief under § 2255, and this court is without jurisdiction to decide it.

### **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2010