IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:04-998-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Reggie Lamar Kelley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion "Pursuant to Audita Querela, Nunc Pro Tunc, Under Actual Innocence." ECF No. 187. Defendant contends he is "actually innocent" of being a career offender. The Government responded in opposition, arguing that Defendant's motion is a second or successive motion for relief under 28 U.S.C. § 2255 and, in the alternative, that Defendant is not entitled to relief under *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd en banc*, __ F.3d __, 2014 WL 7245453 (4th Cir. Dec. 19, 2014).

Defendant's writ of *audita querela*[1] is, in actuality, a second or successive motion for relief

---

[1] Writs of *audita querela* are used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). While Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both the writ of *audita querela* and the writ of *coram nobis*, *see* Fed.R.Civ.P. 60(b) and *United States v. Beggerly,* 524 U.S. 38, 45 (1998); the Supreme Court held in *United States v. Morgan,* 346 U.S. 502 (1954), that the writ of *coram nobis* was still available in the criminal context under the All Writs Act. In light of this decision, at least five other circuits have questioned whether *audita querela* may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act. These circuits have uniformly taken the approach, however, "without deciding, that in some appropriate set of circumstances *audita querela* affords post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865 (collecting cases). Like these courts, this court assumes for purposes of this case that a prisoner may seek a writ of *audita querela* under the All Writs Act.

A writ of *audita querela*, however, is "not available to a petitioner when other remedies

1

under § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

---

exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Tavares v. Massachusetts*, 59 F. Supp. 2d 152, 155 (D. Mass. 1999); *see also Barber v. United States*, 60 F. App'x 487 (4th Cir. 2003) (unpublished) (finding that "a writ of *audita querela* was not available because [Petitioner] could have raised his claims in a motion under 28 U.S.C. § 2255). *See also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 . . . ."); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992) (explaining that *audita querela* may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255"). In addition, the fact that Petitioner may be unable to obtain relief under § 2255 does not alter this analysis. *See Barber*, *supra*, 60 F. App'x 487 (finding writ of *audita querela* unavailable even though Petitioner was unable to obtain relief under § 2255 (citing *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective because an individual is unable to obtain relief under that provision))). *See also Valdez-Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Additionally, the Fourth Circuit recently reversed the earlier-filed *Whiteside* decision which was issued prior to Defendant filing the current motion. Therefore, for these reasons, Defendant's motion is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

> s/ Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 5, 2015